# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN GONZALEZ MENDEZ, | 1:08-cv-01403-DLB (HC) |
| Petitioner, | ORDER CONSTRUING RESPONDENT'S MOTION TO DISMISS AS ANSWER TO PETITION, DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF RESPONDENT |
| v. | |
| NEIL H. ADLER, | |
| Respondent. | [Doc. 14] |

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. (Court Docs. 6, 11.)

    On August 27, 2004, Petitioner was sentenced on state drug charges in Riverside County Superior Court (Case No. F1F11039) to seventy-six (76) months in state prison. On April 9, 2007, Petitioner was sentenced by the United States District Court for the Central District of California to one hundred and twenty (120) months in prison for conspiracy to possess methamphetamine with the intent to distribute and distribution of methamphetamine in violation of 21 U.S.C. § 846 and use of a firearm during drug trafficking in violation of 18 U.S.C. § 924(c). Petitioner received sixty month terms on each charge, which were ordered to be served consecutively with each other, but concurrently with the undischarged term of imprisonment imposed in Riverside County Superior Court, Case No. R1F11039. (Exhibit B, Declaration of Cheryl Lane.)

Petitioner filed the instant petition for writ of habeas corpus on September 19, 2008. Petitioner contends that his federal sentence has been improperly computed because he did not receive credit for the time spent in pre-sentence custody while incarcerated in Riverside County on his state sentence. Petitioner claims that he is entitled to credit for the time he served on the state sentence before the federal sentence was imposed (i.e. August 27, 2004 through April 8, 2007).

Respondent filed a motion to dismiss the petition on May 12, 2009. (Court Doc. 14.) Petitioner did not file a response.

DISCUSSION

I.  Standard of Review

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner's claims are proper under 28 U.S.C. § 2241 and not 28 U.S.C. § 2255 because they concern the manner, location, or conditions of the execution of petitioner's sentence and not the fact of petitioner's conviction or sentence. Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir.1990) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"); Montano-Figueroa v. Crabtree, 162 F.3d 548, 549 (9th Cir.1998) (*per curiam*) (allowing a federal prisoner to use § 2241 to challenge the BOP's restitution policies).

Further, Petitioner is challenging the execution of his sentence at the Taft Correctional Institution in Taft, California, which is within the Fresno Division of the Eastern District of California; therefore, the Court has jurisdiction over this petition. See Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

II.  Rule 12(b)(6) Motion

As an initial matter, Respondent has filed a motion to dismiss the petition under Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, because Respondent has presented and this Court must consider documents outside of the petition, a motion under 12(b)(6) cannot

be entertained, and the Court therefore construes Respondent's motion as an answer addressing the merits of the petition.  See cf. Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996) (A motion to dismiss under Fed.R.Civ.P. 12(b)(6) must be treated as a motion for summary judgment "if either party to the motion to dismiss submits materials outside the pleadings in support or opposition of the motion, and if the district court relies on those materials.")

III.    Review of Petition

    A.    Exhaustion of Administrative Remedies

Respondent initially argues that Petitioner has failed to exhaust the administrative remedies and dismissal is warranted.

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983).  The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement.  Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990).  Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id.  If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court."  In sentence computation cases, a defendant must "commence serving his sentence and exhaust his administrative remedies before he can petition for judicial review of the denial of credit for time served in custody." United States v. Checchini, 967 F.2d 348, 350 (9th Cir. 1992).

Petitioner admits that he did not attempt to exhaust the administrative remedies stating "[a]ny effort to exhaust administrative remedies would be futile given that the BOP would be unlikely to grant relief." (Petition, at 3.)  Thus, Respondent is correct and the petition is subject to dismissal.  The computation of the length of a prisoner's confinement is precisely the type of claim for which the exhaustion requirement was established.  See Chua Han Mow v. United States, 730 F.2d 1308, 1313-1314 (9th Cir. 1984).  Petitioner presents no basis to establish that

the administrative remedies would have been futile, and the petition shall be dismissed for failure to exhaust the administrative remedies. In any event, even if the Court excused exhaustion in this instance, as discussed infra, the claim fails on the merits.

      B.      <u>Sentence Calculation</u>

Notwithstanding the failure to exhaust the administrative remedies, Petitioner's claim fails on the merits and there is no relief warranted.

Title 18 U.S.C. § 3585(a) states: "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." The Attorney General is responsible for sentence computation decisions under § 3585. <u>United States v. Wilson</u>, 503 U.S. 329 (1992); <u>United States v. Checchini</u>, 967 F.2d 348, 350 (9th Cir. 1992). Sentence computation authority has been delegated to the Federal Bureau of Prisons. 28 C.F.R. § 0.96; <u>see</u> also <u>United States v. Moore</u>, 987 F.2d 1029 (8th Cir. 1992).

Pursuant to 18 U.S.C. § 3585(b):

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -
>
> (1) as a result of the offense for which the sentence is imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; <u>that has not been credited against another sentence</u>.

18 U.S.C. § 3585(b) (emphasis added).

In <u>United States v. Wilson</u>, 503 U.S. 329 (1992), the Supreme Court noted that, under section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." <u>Id</u>. at 337. Thus, under section 3585(b), Petitioner is not entitled to custody credit if it was applied toward another sentence. <u>United States v. Von Willie</u>, 59 F.3d 922, 930-931 (9th Cir. 1995); <u>United States v. Kramer</u>, 12 F.3d 130, 132 (8th Cir. 1993).

A federal sentence does not begin to run when a federal defendant is produced from state custody for federal prosecution pursuant to a federal writ of <u>habeas corpus ad prosequendum</u>. <u>Thomas v. Brewer</u>, 923 F.2d 1361, 1366-67 (9th Cir. 1991). Pursuant to Program Statement

4

5880.28, "[t]ime spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time. The primary reason for 'writ' custody is not the federal charge. The federal court merely 'borrows' the prisoner under the provisions of the writ for secondary custody." (Exhibit C, to Declaration of Cheryl Lane; Court Doc. 15.) When a prisoner is borrowed from primary custody by way of a writ of ad prosequendum, principles of comity require the return of the prisoner to the primary custodian when the prosecution has been completed. See United States v. Warren, 610 F.2d at 684-685.

In this case, Petitioner's federal sentences (sixty months on Count One and sixty months on Count Three) were combined into one aggregate sentence pursuant to 18 U.S.C. § 3584(c). Because the District Court ordered the sentences to run consecutively, Petitioner's total federal sentence is one hundred and twenty (120) months.

Petitioner claims that he is entitled to credit towards his federal sentence for the time he served in state custody on his state sentence prior to the imposition of his federal sentence. As support, Petitioner cites the District Court Order at sentencing that the two federal sentences were "to be served consecutively with each other but concurrently with the undischarged term of imprisonment imposed in Riverside County Superior Court, Case No. R1F11039." (Exhibit B, to Decl. of Cheryl Lane.) Petitioner's claim is unfounded.

On August 27, 2004, Petitioner was sentenced to seventy-six (76) months in state prison and remanded to Riverside County Jail. He was then "borrowed" from state custody to face federal charges in the United States District Court. Petitioner's federal sentence of one hundred and twenty (120) months did not begin to run until, April 9, 2007-the date it was imposed. At the time this sentence was imposed Petitioner had served just over thirty (30) months of his seventy-six (76) month state sentence. Petitioner received credit for the thirty (30) month period of time toward his state sentence. His federal sentence was then running concurrently to the undischarged portion of his state sentence, i.e. the remaining forty-six (46) months period of time. Thus, the undischarged remainder of Petitioner's state sentence would be extinguished during his incarceration on his one hundred and twenty (120) month federal sentence.

Contrary to Petitioner's assertion, he is not entitled to credit for the time he served in state custody from August 27, 2004 to April 8, 2007, because (1) he had not yet been sentenced on his federal charges and such sentence had not began to run, and (2) he already received credit for this thirty (30) month period toward his state sentence, and he is not entitled to double credit. Accordingly, with a start date of April 9, 2007 for his federal sentence of one hundred and twenty (120) months, Petitioner has a projected release date of September 20, 2015, assuming all applicable good time credit earnings.  Therefore, Petitioner's sentence has been properly calculated and no relief is warranted.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DENIED; and
2. The Clerk of Court is directed to enter judgment in favor of Respondent.

IT IS SO ORDERED.

Dated:   **June 19, 2009**              /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE